IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR LEE DARBY, | ) | CASE NO. 1:19 CV 2827 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| WARDEN HAROLD MAY, et al., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |

*Pro se* Plaintiff Arthur Darby ("Plaintiff"), is presently confined at FCI Gilmer in West Virginia. At the time of the events at issue in this action, Plaintiff was state prisoner confined at Richland Correctional Institution ("RCI"). He brings this action against RCI employee defendants Warden Harold May, healthcare administrator Doreen Burkhart, physician assistant Daniel Hall, head doctor of the RCI medical department Dr. Grandson, nurse practitioner Opollo Aduse, and Captain Adams (collectively "Defendants"). (Docket # 1). Plaintiff claims that Defendants were negligent and violated his constitutional rights with respect his medical treatment at RCI, and seeks $750,000.00 in damages. (*See* Docket # 1-1).

For the reasons that follow, this case is dismissed.

I. Background

Plaintiff alleges that Defendants were "negligent" and provided inadequate care by failing to diagnose and treat a malignant tumor on his right kidney. Plaintiff experienced blood in his

urine and Defendants treated him for an infection with antibiotics on three separate occasions rather than as a problem with his kidneys. (Docket # 1 at 4). When that treatment was unsuccessful, Plaintiff was transported to the Ohio State University medical center for a CT scan and diagnosis regarding the unresolved blood in his urine. The CT scan revealed a malignant tumor on Plaintiff's right kidney and surgery was scheduled to remove tumor, which also required removal of the kidney. Plaintiff claims that if Defendants had correctly diagnosed the blood in his urine and had performed a CT scan years earlier, the cancer would have been detected and he would not have lost his kidney to the tumor. (*Id.* at 5, 8-9).[1] Plaintiff "disagreed" with Defendants' diagnosis and treatment of his medical conditions with water pills, high blood pressure medication, antibiotics, and Tylenol. (*Id.* at 7).

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or lacks an arguable basis in law or fact. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated

---

[1] Plaintiff also alleges that Defendants failed to remove benign lipomas on his back and would not provide him treatment for hepatitis C, both of which were resolved when he left RCI and entered federal prison. (Docket # 1 at 6).

-2-

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. Analysis**

Plaintiff alleges that Defendants were negligent in the diagnosis and treatment of his medical condition. Liberally construing the Complaint, Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. In order to state a § 1983 claim, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A § 1983 claim for deliberate indifference regarding a prisoner's medical care consists of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* That is, "the inmate must show that he is incarcerated

under conditions posing a substantial risk of harm." *Id.* The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id.* In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Even with the benefit of liberal construction, Plaintiff fails to plausibly allege the subjective component of a deliberate indifference claim, that is, that Defendants drew the inference from the symptoms he presented that Plaintiff had a malignant tumor on his kidney and were deliberately indifferent to that serious medical need. Plaintiff claims that Defendants improperly diagnosed his symptoms and provided treatment that did not resolve his condition before providing a CT scan which resulted in a cancer diagnosis and surgery to remove the tumor. The Court cannot infer from these facts that Defendants were deliberately indifferent to Plaintiff's serious medical needs – Defendants attempted to treat his condition and ultimately sought testing and treatment outside RCI. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). To the extent Plaintiff is alleging a negligence/medical malpractice claim against Defendants, such claims do not state a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *see also Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim,

which is not cognizable under § 1983.") (citations omitted). Plaintiff fails to allege facts from which the Court may infer that Defendants were deliberately indifferent to his serious medical need by failing to correctly diagnose and treat the tumor on his kidney.

Moreover, Plaintiff fails to allege any specific conduct against any of the named defendants. Where a person is simply named as a defendant without a factual allegation of specific misconduct, the complaint insufficient to state a plausible claim for relief. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). And to the extent that Plaintiff is claiming Warden May or other defendants are liable in their supervisory capacity for the alleged deliberate indifference of RCI medical staff, a supervisory official is not liable under § 1983 for the alleged unconstitutional conduct of subordinates in the absence allegations that the supervisor encouraged the unconstitutional conduct or directly participated in it. *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (citations omitted). Plaintiff asserts no such allegations against any supervisory defendant, and "[i]t is well-settled that § 1983 liability will not be imposed solely on the basis of respondeat superior." *Id.*

For all the foregoing reasons, Plaintiff fails to state a plausible § 1983 claim upon which relief may be granted, and those claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that Plaintiff is asserting a state law claim for medical malpractice and/or medical negligence, and having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c). *See Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).

### III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any state law claims that Plaintiff may be asserting are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 30, 2020